UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

LARRYEION TYRESE WOODWARD,

    Plaintiff,

v.

I.C. SYSTEM, INC.,                         **DEMAND FOR JURY TRIAL**

    Defendant.
_____/

## COMPLAINT

Plaintiff, Larryeion Tyrese Woodward ("Plaintiff"), by and through undersigned counsel, files this Complaint against I.C. System, Inc. ("I.C. System") ("Defendant"), pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 et seq., and in support thereof states:

### JURISDICTION AND VENUE

1. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for Plaintiff's FCCPA claims, which arise from the same case or controversy.

3. Venue is proper in the Middle District of Florida, Tampa Division, under 28 U.S.C. § 1391(b)(2) because Plaintiff resides in Pinellas County, Florida, and a substantial portion of the events giving rise to these claims including Defendant's credit reporting and collection activity occurred within this District.

## DEMAND FOR JURY TRIAL

4. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

5. Plaintiff, Larryeion T. Woodard, is a natural person residing in the State of Florida.

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and the FCCPA, Fla. Stat. § 559.55(8).

7. Defendant I.C. System is a debt collector with a principal business address at 444 Highway 96 East, Saint Paul, Minnesota 55127–2557, and whose registered agent for service of process in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

8. Defendant regularly collects or attempts to collect defaulted consumer debts using the mail and interstate commerce and is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

## GENERAL ALLEGATIONS

9. This action concerns Defendant's attempts to collect multiple purported consumer debts allegedly owed by Plaintiff, including but not limited to an alleged Florida Power & Light ("FPL") account in the amount of $93.00 and an alleged Mediacom Communications account in the amount of $419.00 (collectively, "the subject debts").

10. Each alleged debt arose from transactions primarily for personal, family, or household purposes and therefore qualifies as a "consumer debt" under the FDCPA and FCCPA.

11. On September 18, 2025, Plaintiff reviewed his consumer credit reports and observed Defendant I.C. System reporting the subject debts as active collection tradelines, including the FPL tradeline showing a balance of $93.00, Account No. 175393*, marked "Open," "Derogatory," and "Placed for collection," and critically "Account not disputed."

12. Plaintiff contacted ICS on October 8, 2025, at which time ICS identified itself as a debt collector. Plaintiff disputed the alleged FPL debt and advised ICS that he had previously paid FPL. Despite Plaintiff's dispute, ICS informed him that it could not locate the account in its system and failed to communicate Plaintiff's dispute to any consumer reporting agency.

13. On October 23, 2025, Plaintiff again contacted ICS regarding the same alleged FPL debt. ICS again stated that it could not locate the account, even though ICS had updated the TransUnion collection tradeline four days earlier on October 19, 2025, continuing to report the debt as an active, open derogatory account without any dispute notation.

14. ICS's continued credit reporting of the alleged FPL debt after twice claiming the account did not exist constituted the furnishing of false, misleading, and inaccurate information to consumer reporting agencies.

15. Defendant also reported an additional alleged collection account for Mediacom Communications in the amount of $419.00, Account No. 164244*, which contained inconsistent reporting across consumer reporting agencies and likewise failed to reflect Plaintiff's dispute.

16. Despite Plaintiff disputing the legitimacy of the alleged debts, ICS failed to communicate any dispute notation to the consumer reporting agencies and continued reporting the tradelines as undisputed derogatory debts.

17. ICS's conduct caused Plaintiff confusion, frustration, and emotional distress, as he was forced to expend time reviewing credit reports, contacting ICS repeatedly, and attempting to correct inaccurate information that ICS knowingly furnished or allowed to remain uncorrected.

18. As a result of Defendant's unlawful conduct, Plaintiff suffered emotional distress, anxiety, aggravation, mental anguish, wasted time, frustration, and invasion of privacy and seclusion.

**COUNT 1**
**VIOLATION OF THE FDCPA 15 U.S.C. § 1692c(c)**

(Against I.C. System, Inc.)

19. Plaintiff incorporates the allegations in paragraphs ¶¶1–18 of this Complaint as though fully set forth herein.

20. Under 15 U.S.C. § 1692e, a debt collector is prohibited from using any false, deceptive, or misleading representation in connection with the collection of any debt.

21. Under 15 U.S.C. § 1692e(8), a debt collector must communicate that a debt is disputed when it reports information to any consumer reporting agency.

22. Under 15 U.S.C. § 1692f, a debt collector is prohibited from using unfair or unconscionable means to collect or attempt to collect any debt.

23. Plaintiff disputed the alleged FPL debt with Defendant during phone calls on October 8, 2025, and again on October 23, 2025.

24. Defendant nevertheless reported and continued furnishing the alleged FPL debt to the consumer reporting agencies without marking it as disputed, in violation of § 1692e(8).

**25.** Defendant falsely represented that the FPL debt was an active, valid collection account, despite twice informing Plaintiff that it could not locate the account in its system, in violation of § 1692e**.**

26. Defendant's contradictory conduct claiming the account did not exist while simultaneously updating it as an open derogatory collection tradeline constitutes deceptive, misleading, and unfair collection activity in violation of §§ 1692e and 1692f.

27. Defendant further violated § 1692e(8) by failing to communicate Plaintiff's dispute to the consumer reporting agencies, resulting in the tradelines appearing as "Account not disputed."

28. Defendant's conduct was willful, intentional, and undertaken with reckless disregard for Plaintiff's rights under federal law.

29. As a direct and proximate result of Defendant's violations, Plaintiff suffered emotional distress, anxiety, frustration, confusion, and damage to his creditworthiness.

30. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award: (a) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); (b) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (c) Attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and (d) Any other relief the Court deems just and proper.

## COUNT 2
## VIOLATION OF THE FDCPA 15 U.S.C. § 1692f
(Against I.C. System, Inc.)

31. Plaintiff incorporates the allegations in paragraphs ¶¶1–30 of this Complaint.

32. 15 U.S.C. § 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

33. Defendant violated § 1692f by continuing to report and furnish the alleged FPL debt as an active, derogatory collection account after repeatedly informing Plaintiff that it could not locate the account in its system, thereby engaging in inconsistent, misleading, and unfair collection activity.

34. Defendant further violated § 1692f by failing to investigate the alleged debts, failing to accurately report Plaintiff's dispute to the consumer reporting agencies, and continuing to use credit reporting as a method of collection despite possessing no verified account information.

35. Defendant's conduct was unfair, unconscionable, deceptive, and contrary to the rights guaranteed to consumers under the FDCPA.

36. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award: (a) Statutory damages under 15 U.S.C. § 1692k(a)(2)(A); (b) Actual damages under 15

U.S.C. § 1692k(a)(1); (c) Attorney's fees and costs under 15 U.S.C. § 1692k(a)(3); and (d) Any other relief the Court deems just and proper.

## COUNT 3
## VIOLATION OF THE FCCPA FLA. STAT. § 559.72(7)
(Against I.C. System, Inc.)

37. Plaintiff incorporates the allegations in paragraphs ¶¶1–36 of this Complaint.

38. Plaintiff is a "consumer" under Fla. Stat. § 559.55(8), and the subject debts are "consumer debts" under § 559.55(6).

39. Defendant is a "debt collector" under Fla. Stat. § 559.55(7).

40. Fla. Stat. § 559.72(7) prohibits a debt collector from willfully communicating with a debtor with such frequency as can reasonably be expected to harass the debtor.

41. Defendant repeatedly updated and published derogatory credit reporting concerning the alleged FPL debt including, but not limited to, the October 19, 2025, update despite informing Plaintiff during calls on October 8, 2025, and October 23, 2025, that it could not locate or verify the alleged account in its system.

42. Each credit reporting update constituted a separate communication regarding the alleged debt and was made without verified account information, without any permissible purpose, and after Plaintiff disputed the debt, thereby causing Plaintiff continuing distress, confusion, and harm.

43. Defendant's repeated, unjustified, and knowingly inaccurate credit reporting updates constitute willful harassment under Fla. Stat. § 559.72(7).

44. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award: (a) Actual damages under Fla. Stat. § 559.77(2); (b) Statutory damages up to $1,000 under Fla. Stat. § 559.77(2); (c) Punitive damages under Florida law; (d) Attorney's fees and costs

under Fla. Stat. § 559.77(2); (e) Injunctive relief prohibiting further unlawful conduct; and (f) Any other relief the Court deems just and proper.

## COUNT 4
## VIOLATION OF THE FCCPA FLA. STAT. § 559.72(9)
(Against I.C. System, Inc.)

45. Plaintiff incorporates the allegations in paragraphs ¶¶1–44 of this Complaint.

46. Fla. Stat. § 559.72(9) prohibits a debt collector from attempting to enforce a debt when the collector knows that the debt is not legitimate, or from asserting the existence of a legal right when such right does not exist.

47. Defendant informed Plaintiff during communications on October 8, 2025, and October 23, 2025, that it could not locate the alleged FPL debt in its system, thereby acknowledging that it lacked verified information to enforce, furnish, or continue treating the debt as collectible.

48. Despite this knowledge, Defendant knowingly continued to report and attempt to enforce the alleged FPL debt by furnishing it to consumer reporting agencies as an open, derogatory, and active collection account, without noting Plaintiff's dispute and without possessing any verified account information.

49. Defendant's conduct constitutes a willful and knowing attempt to enforce a debt it knew was not legitimate, in direct violation of Fla. Stat. § 559.72(9).

50. Despite that knowledge, Defendant knowingly continued to report and enforce the alleged FPL debt by furnishing it to consumer reporting agencies as an open, derogatory, and active collection account, without reflecting Plaintiff's dispute.

51. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award: (a) Actual damages under Fla. Stat. § 559.77(2); (b) Statutory damages up to $1,000 under Fla. Stat. § 559.77(2); (c) Punitive damages under Florida law; (d) Attorney's fees and costs

under Fla. Stat. § 559.77(2); (e) Injunctive relief prohibiting further unlawful conduct; and (f) Any other relief the Court deems just and proper.

Dated: December 11, 2025

>Respectfully submitted,
>
>**CONSUMER RIGHTS LAW, PLLC**
>
>*/s/ Monique N. Reyes*
>Monique N. Reyes, Esq.
>Florida Bar No. 1026823
>848 Brickell Avenue, PH5
>Miami, FL 33131
>Telephone: (786) 360-7697
>Email: monique@consumerrights.law
>
>*Counsel for Plaintiff Larryeion Tyrese Woodward*